# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60847

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2014

Lyle W. Cayce
Clerk

SHARON GRAHAM; BILLY BOB GRAHAM,

Plaintiffs-Appellees

v.

ALL AMERICAN CARGO ELEVATOR, L.L.C.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-58

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant All American Cargo Elevator, L.L.C. ("All American") manufactured and installed a residential cargo elevator in the Mississippi home of Plaintiffs-Appellees Sharon and Billy Bob Graham. It failed catastrophically and seriously injured Sharon, who had stepped onto the elevator platform to unload cargo. All American insists that the district court erred in concluding that it should have known about the danger posed by its elevator's under-sized drive shaft. In its bench trial, the district court held that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60847

any reasonable elevator manufacturer would have researched the specifications of load-bearing components that it incorporated in its design. We affirm the district court's judgment in favor of the Grahams.

This diversity case turns on the application of the Mississippi Products Liability Act[1] ("MPLA"). The parties do not dispute the material facts found by the district court. The Grahams purchased their residential cargo elevator from All American in March 2007, and All American completed the installation at the Grahams' home in Pearlington, Mississippi, in June of that year. Just over three years later, in October 2010, Sharon Graham stepped onto the platform to retrieve a potted plant. The main shaft of the elevator drawing mechanism broke, causing the platform to free-fall to the elevator floor, over ten feet below. Sharon sustained a fractured left heel and other injuries.

The Grahams filed suit in Mississippi state court in October 2011. All American removed the case to the United States District Court for the Southern District of Mississippi, alleging diversity jurisdiction. The district court dismissed several of the Grahams' claims on summary judgment.

In October 2013, the district court conducted a three-day bench trial of the Grahams' four remaining claims: defective design, manufacturing defect, and failure to warn under the MPLA; and Billy Bob Graham's claim for loss of consortium. After the Grahams rested their case, the court granted in part All American's Rule 52 motion and dismissed the Grahams' manufacturing defect claim.

At the close of the bench trial, the court recited extensive findings of fact and conclusions of law, holding All American liable on all three remaining claims, viz., defective design, failure to warn, and loss of consortium. Because All American raises only one issue on appeal, viz., whether the district court

---

[1] Miss. Code § 11-1-63.

2

erred in concluding that the Grahams had satisfied the twin knowledge elements of their defective design and failure to warn claims, we address only those of the district court's factual findings that are relevant to the knowledge elements of those claims. The court found that the output shaft of the elevator's gear sheared from metal fatigue that was caused by misalignment of the elevator's drum and gear, and that such misalignment could have been prevented by high-precision machining or, more realistically, proper sizing. The court concluded that All American acted unreasonably in failing to seek out information about the danger posed by improper sizing of the components it chose to incorporate in its elevator, a failure even more notable in light of the fact that the gear manufacturer warned of this very danger in a catalog it had published in 2002.

The court entered judgment in accordance with its verdict, awarding the Grahams a total of $211,886.37. All American timely filed its notice of appeal.

When an appeal is from a bench trial, we review findings of fact for clear error and legal issues de novo.[2] Factual findings are clearly erroneous if "(1) the findings are without substantial evidence to support them, (2) the court misapprehended the effect of the evidence, and (3) although there is evidence which if credible would be substantial, the force and effect of the testimony, considered as a whole, convinces the court that the findings are so against the preponderance of credible testimony that they do not reflect or represent the truth and right of the case."[3] To reverse for clear error, we must have "a definite and firm conviction that a mistake has been committed."[4]

---

[2] *Delahoussaye v. Performance Energy Servs., L.L.C.*, 734 F.3d 389, 392 (5th Cir. 2013) (citing *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006)).

[3] *Water Craft*, 457 F.3d at 488.

[4] *Canal Barge Co. Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000).

No. 13-60847

When federal jurisdiction is based on diversity, we apply the substantive law of the forum state.[5] In resolving issues of state law, "we look to the final decisions of that state's highest court" and, if there is no decision directly on point, then we must determine how that court, if presented with the issue, would resolve it.[6] In making this determination, decisions from the intermediate state appellate court are useful.[7] Beyond Mississippi sources, "'[w]e may consult a variety of sources, including the general rule on the issue, decisions from other jurisdictions, and general policy concerns.'"[8]

All American urges us to review the district court's judgment de novo, insisting that it creates a new duty—namely, the duty of a manufacturer to research the specifications of components it incorporates into its designs—and therefore involves a novel legal conclusion rather than the mere application of existing law to the facts of the case. We disagree, but we need not resolve that issue because the district court committed no reversible error, even under such a heightened standard. As that court explained, "[e]ven if All American did not have actual possession or awareness of the 2002 . . . catalog containing the warning specific to the danger of overhung loads and the importance of proper sizing to prevent shaft breakage, it should have, in the exercise of reasonable care, made appropriate inquiry and known about the dangers associated with this product." We are satisfied that the Mississippi Supreme Court would so hold, and All American cites only distinguishable authorities in arguing to the contrary. Accordingly, we AFFIRM the district court's judgment.

---

[5] *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938)).

[6] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010).

[7] *Id.*

[8] *Id.* (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 483 (5th Cir. 2008)).